Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
David Shein (SBN 230870)
david@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California, 90230
Telephone: (310) 590-1820

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIGN COLLECTION, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PRETTYLITTLETHING.COM USA, INC., a Delaware Corporation; DESIGN WEST MODE USA, LLC, a California Limited Company; ZULILY, LLC, a Delaware Limited Liability Company; ONE AND ONLY COLLECTIVE, INC., a California Corporation; UPTOWN CHEAPSKATE, LLC, a Utah Limited Liability Company; MH COLLECTIONS, INC., a California Corporation; HATHOR, LLC, an Oklahoma Limited Liability Company; CORNERSTONE APPAREL, INC., a California Corporation; BANDI FASHION, INC., a New York Corporation; PINTO WESTERN RETAIL HOLDINGS, L.P., a Texas Limited Partnership; and DOES 1–10,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |

Design Collection, Inc., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff DESIGN COLLECTION, INC. ("DESIGN COLLECTION" or "Plaintiff") is a corporation organized and existing under the laws of the state of California with its principal place of business in Los Angeles, California.

5. Plaintiff is informed and believes and thereon alleges that Defendant PRETTYLITTLETHING.COM USA, INC. ("PLT") is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located at 8587 Melrose Avenue, West Hollywood, CA 90069.

6. Plaintiff is informed and believes and thereon alleges that Defendant DESIGN WEST MODE USA, LLC ("DESIGN WEST") is a limited liability company organized and existing under the laws of the state of California with its principal place of business located at 5419 Dahlia Drive, Los Angeles, CA 90041, and is the owner of the trademark Suzanne Betro.

7. Plaintiff is informed and believes and thereon alleges that Defendant ZULILY, LLC ("ZULILY") is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business located at 2601 Elliott Avenue, Suite 200, Seattle, Washington 98121, and is registered to do

business in California and is doing business in and with the state of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant ONE AND ONLY COLLECTIVE, INC. ("ONE AND ONLY") is a corporation organized and existing under the laws of the state of California with its principal place of business located at 2801 South Santa Fe Avenue, Vernon, California 90058.

9. Plaintiff is informed and believes and thereon alleges that Defendant UPTOWN CHEAPSKATE, LLC ("UPTOWN") is a limited liability company organized and existing under the laws of the state of Utah with its principal place of business located at 39 East Eagle Ridge Drive, Suite 100, North Salt Lake, Utah 84054, and is doing business in and with the state of California.

10. Plaintiff is informed and believes and thereon alleges that Defendant MH COLLECTIONS, INC. ("MH COLLECTIONS") is a corporation organized and existing under the laws of the state of California with its principal place of business located at 3780 S Hill Street, Los Angeles, CA 90007.

11. Plaintiff is informed and believes and thereon alleges that Defendant HATHOR, LLC d/b/a Angel Heart Boutique ("HATHOR") is a limited liability company organized and existing under the laws of the state of Oklahoma with its principal place of business located at 418 Enterprise Drive, Edmond, OK 73013, and is doing business in and with the state of California.

12. Plaintiff is informed and believes and thereon alleges that Defendant CORNERSTONE APPAREL, INC. d/b/a "Papaya" ("PAPAYA") is a corporation organized and existing under the laws of the state of California with its principal place of business located at 5807 Smithway Street, Commerce, CA 90040.

13. Plaintiff is informed and believes and thereon alleges that Defendant BANDI FASHION, INC. d/b/a "Metric" ("METRIC") is a corporation organized and existing under the laws of the state of New York with its principal place of business located at 225 West 37th Street, New York, NY 10018, and is doing business in and with the state of California.

14. Plaintiff is informed and believes and thereon alleges that Defendant PINTO WESTERN RETAIL HOLDINGS, L.P. ("PINTO") is a limited partnership organized and existing under the laws of the state of Texas with its principal place of business located at 3737 Buffalo Speedway, Suite 1100, Houston, TX 77098, and is doing business in and with the state of California.

15. Plaintiff is informed and believes and thereon alleges that Defendant DOES 1 through 10, inclusive, are manufacturers and/or vendors of garments to Defendants (as specified above) which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement or other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise of Defendant DOES 1-4, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

16. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

17. Plaintiff is the owner of an original artwork, which Plaintiff has named DC-12143 ( the "Subject Design"). A true and correct image of the Subject Design is herein below:

**Subject Design**



18. Plaintiff has applied for and received a United States Copyright Registration for the Subject Design.

19. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing the Subject Design to numerous parties in the fashion and apparel industries.

20. Following this distribution of product bearing the Subject Design, Plaintiff learned that Defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring unauthorized reproductions of the Subject Design or designs which are substantially similar to the Subject Design ("Subject Product"). Subject Product includes but is not limited to the garments sold by:

a. PLT under Item No. CMB3633/34/58, bearing the label "Pretty Little Things", which indicates that the garments were manufactured by or for PLT. A true and correct image of details from one such garment is displayed below:



b. ZULILY under SKU U860100810104, Style No. U8601008, bearing the label "Suzanne Betro", which indicates that the garments were manufactured by or for DESIGN WEST. A true and correct image of details from one such garment is displayed below:



c. UPTOWN under Style No. 52138A, SKU NPE123170803, RN 149312, bearing the label "Debbie Dabble", which indicates that the garments were manufactured by or for ONE AND ONLY. A true and correct image of details from one such garment is displayed below:



d. HATHOR under SKU VL EMD-359B7B10, RN 141900, bearing the lable "Heart Angel Boutique," which indicates that the garments were manufactured by or for MH COLLECTIONS. A true and correct image of details from one such garment is displayed below:



e. Papaya under SKU 5973286909, Style No. CR50928, bearing the label "Papaya," which indicates that the garments were manufactured by or for PAPAYA. A true and correct image of details from one such garment is displayed below:



f. PINTO under SKU 45393, Style No. 51832T, RN 97549, bearing the label "Metric," which indicates that the garments were manufactured by or for METRIC. A true and correct image of details from one such garment is displayed below:



g. ZULILY under SKU Velzera_VL-RD633S_White_M, Style No. VL-RD633, RN 141900, bearing the label "Velzera," which indicates that the garments were manufactured by or for MH COLLECTIONS. A true and correct image of details from one such garment is displayed below:



(For Copyright Infringement – Against All Defendants, and Each)

21. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

22. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments in the marketplace manufactured with lawfully printed fabric bearing the Subject Design.

23. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufacture garments and/or are garment vendors. Plaintiff is further informed and believes and thereon alleges that said Defendants, and each of them, has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Design in that said garments were composed of fabric which featured an unauthorized design that was identical or substantially similar to the Subject Design, or were an illegal modification thereof.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling Subject Product through a nationwide network of retail stores, catalogues, and through on-line websites.

25. Due to the aforementioned Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

26. Defendants, and each of them, have obtained direct and/or indirect profits from their infringement of the Subject Design as alleged herein. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Design in an amount to be established at trial.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Design;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A trial by jury pursuant to Fed. R. Civ. P. 38 and constitutional amendment seven is hereby demanded.

Respectfully submitted,

Dated: December 22, 2020   By:   */s/ Stephen M Doniger*
Stephen M. Doniger, Esq.
David Shein, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff
Design Collection, Inc.